[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The matter comes before this Court on defendant's motion to strike the second count of plaintiff's complaint.
In the first count, the plaintiff alleges negligence in the operation of the motor vehicle in several ways including violation of Connecticut General Statutes14-227a. The second count alleges that ". . . with reckless disregard (the defendant) operated the motor vehicle under the influence of alcohol and/or drugs or both in violation of Connecticut General Statutes 14-227a and such violation was a substantial factor in causing plaintiff's injuries and losses."
The motion to strike alleges that the allegations of recklessness are insufficient in that the plaintiff has not alleged facts showing that the defendant's conduct went beyond mere negligence.
Recklessness is more than negligence or gross negligence. Dubay v. Irish, 207 Conn. 518, 532 (1988). A claim of recklessness must be set out separately from a claim of negligence. Warner v. Leslie Elliott Constructors, Inc.,194 Conn. 129, 138 (1984). Further, a plaintiff must allege sufficient facts to infer that the defendant's actions went beyond mere negligence. Brown v. Branford, 12 Conn. App. 106,110 (1987). The court in Brown, supra, went on to say that a negligence count cannot be transformed into a recklessness count without alleging additional factual allegations that would alter the nature of the conduct complained of from negligence to recklessness.
In the present case, the plaintiff has failed to allege additional facts to support the claim of recklessness.
The motion to strike is granted as is also the claim for double and/or treble damages.
Mihalakos, J.